(Decided 13th July, 1882.)

---

ARTHUR W. NYCE *vs.* JACOB R. NYCE, and C. J. JOHNSON, Guardian *ad litem* of SUE MAY NYCE, Infant.

### *Construction of a Will.*

A testator, by his will, directed that all his property be sold.  By one of the clauses of said will, he bequeathed to T. B. H. as guardian of his son Arthur, $1500 of the proceeds, to be expended in the education of his said son in such manner as the guardian might in his judgment think right and proper.   The will contained among others the following clause: " I will and direct that the balance of said proceeds, after deducting said several sums hereinbefore named, if any, be divided equally between my brothers J. R. N. and D. B. N."   HELD:

That a balance of said sum of $1500 remaining unexpended in the hands of the guardian on the arrival at age of the testator's son

Arthur, did not pass under the will to the testator's brothers; nor did it belong, as undisposed of by the will, to the testator's next of kin; but belonged to the son, on his arrival at age.

APPEAL from the Circuit Court of Baltimore City.

The bill in this case was filed by the guardian of the appellant, for a construction of the will of Benjamin Brooke Nyce. The nature of the question presented is stated in the opinion of the Court. The decision of the Court below (DOBBIN, J.) being adverse to the appellant, he appealed.

The cause was submitted to BARTOL, C. J., STONE, GRASON, ALVEY, ROBINSON, IRVING, and RITCHIE, J.

*Benjamin F. Horwitz,* for the appellant.

*Thomas W. Brundige,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The question in this appeal arises upon the construction of the will of the late Benjamin B. Nyce.

After directing all his property real and personal, to be sold and converted into money, he directs that fifteen thousand dollars of the proceeds shall be invested by his executor in ground rents, the income thereof to be paid annually to his widow during her life, and upon her death, to his son Arthur William Nyce, during his life, and upon his death, the principal to be divided among the children of his said son.

In a subsequent clause, he bequeaths to Theophilus B. Horwitz, as guardian of his son, Arthur William, fifteen hundred dollars of said proceeds to be expended in the education of his son, in such sums and in such manner as the guardian may in his judgment think right and proper.

This sum was paid by the executor to the guardian, and upon the son's arrival at age, there remained of this

sum in the hands of the guardian unexpended, about thirteen hundred dollars. This balance is claimed on the one hand by the son, and on the other by Jacob R. Nyce, and the daughter and only child of David B. Nyce, under the following clause in the will:

"I will and direct that the balance of said proceeds, after deducting said several sums hereinbefore named, if any, be divided equally between my brothers Jacob R. Nyce and David B. Nyce."

We do not see on what grounds the claim of the brothers can be supported. The bequest to them is the balance of the proceeds arising from the conversion of his property into money, if any, "after deducting" the several sums bequeathed, of which the sum in dispute is one. It is very clear, the testator did not mean that his brothers should take any part of the fifteen hundred dollars bequeathed for the education of his son, and the only question is whether the balance of this fund remaining in the hands of the guardian, constitutes a part of the testator's estate to be distributed to his next of kin, or whether it belongs to his son as property in the hands of his guardian. And in determining this question it will be observed that the money is bequeathed directly to the guardian, and that it was paid to and held by him as guardian. It no longer therefore constituted part of the testator's estate. On the contrary it was a fund held by the guardian to be expended by him in the education of his ward, and if any part of the fund remained in the hands of the guardian unexpended, it belongs to the ward on his arrival at age.

The decree will therefore be reversed.

*Decree reversed, and
cause remanded.*

(Decided 13th July, 1882.)